IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM ROUSER,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>JULIA GAMBOA, et al.,<br><br>　　　　Defendants. | No. 2:19-CV-1233-TLN-DMC-P<br><br><br><br>ORDER |

Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court is plaintiff's complaint (ECF No. 1).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1), (2). Moreover, the Federal Rules of Civil Procedure require that complaints contain a ". . . short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This means that claims must be stated simply, concisely, and directly. See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)). These rules are satisfied if the complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon which it

rests. See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996). Because plaintiff must allege with at least some degree of particularity overt acts by specific defendants which support the claims, vague and conclusory allegations fail to satisfy this standard. Additionally, it is impossible for the court to conduct the screening required by law when the allegations are vague and conclusory.

## I. PLAINTIFF'S ALLEGATIONS

Plaintiff names fourteen Defendants: (1) Julia Gamboa, (2) Lara Konnerly, (3) T. Weyer, (4) Barbara Smith, (5) P. Gonzalez, (6) Parsons, (7) Spangler, (8) R. Valencia, (9) S. Gates, (10) Lelewer, (11) Roth, (12) D. Brown, (13) Montoya, (14) Margarita Marquez. Plaintiff alleges four claims.

First, Plaintiff alleges Defendants Julia Gamboa, Lara Kennerly, Barbara Smith, and Margarita Marquez violated his Eighth Amendment right following Plaintiff advising of his intent to commit suicide. Plaintiff contends he then attempted to commit suicide by taking "heroin and psych meds." It is unclear from the complaint if Plaintiff is alleging these Defendants failed to act, if their actions were inadequate, or if some other action by these Defendants violated Plaintiff's Eighth Amendment Rights. Plaintiff also references Defendants Weyer and Spangler, but it is unclear what if anything they did to violate Plaintiff's Eighth Amendment rights.

Second, Plaintiff alleges Defendants Gonzalez, Roth, and Weyer violated his due process and equal protection rights under the Fourteenth Amendment because these Defendants "will transfer him" if he files a grievance. Plaintiff also refers to Defendants Marquez and Gonzales in this section, but it is unclear what if anything they did to violate Plaintiff's Fourteenth Amendment rights.

Third, Plaintiff alleges Defendants Weyer, Valencia, and S. Gates violated his due process and equal protection rights under the Fourteenth Amendment because they were not impartial in evaluating his 602 grievance.

/ / /

/ / /

2

Fourth, Plaintiff alleges an unnamed Defendant violated his Eighth Amendment right to mental health. It is wholly unclear how this unnamed Defendant violated Plaintiff's Eighth Amendment right.

## II. DISCUSSION

The Federal Rules of Civil Procedure require complaints contain a "…short and plain statement of the claim showing that the pleader is entitled to relief." See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (quoting Fed. R. Civ. P. 8(a)(1)). Claims must be stated simply, concisely, and directly. See id. These rules are satisfied if the complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon which it rests. See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996). Because a plaintiff must allege, with at least some degree of particularity, overt acts by specific defendants which support the claims, vague and conclusory allegations fail to satisfy this standard. Additionally, to survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. See Ashcroft v. Iqbal, 129 S. Ct. 1937 (2009); Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).

Here, each of Plaintiff's claims fails to meet the Rule 8 pleading standard. Plaintiff's first claim fails to allege acts indicating how the named Defendants violated his Eighth Amendment rights. Plaintiff only alleges he informed the Defendants that he was suicidal and that he then attempted suicide. It is unclear what role, if any, Defendants played there. There are simply no facts alleging specific wrongdoing on the part of these Defendants related to this claim.

Plaintiff's second claim also fails to meet the Rule 8 pleading requirements. Plaintiff simply alleges he would be transferred if he files a 602. The remaining portions of this claim are difficult to read due to illegible handwriting. From the text that is legible, it is unclear if Plaintiff was in fact transferred, and if so, who played a role in transferring Plaintiff. Further, Plaintiff has failed to allege how this transfer violated his due process or equal protection rights. In other words, Plaintiff has failed to allege facts indicating he is "entitled to relief." McHenry v.

Renne, 84 F.3d 1172, 1177 (9th Cir. 1996).

Plaintiff's third claim similarly fails to meet the Rule 8 pleading requirements. Plaintiff fails to link any conduct by the Defendants with any of the alleged violations. For this reason, it is unclear how the named Plaintiff's violated the due process clause of the Fourteenth Amendment. Plaintiff's conclusory allegations are insufficient. See McHenry, 84 F.3d at 1177.

Plaintiff's fourth claim is completely unclear. The Court was unable to decipher this claim due to the quality of the handwriting and the complete lack of clarity. Plaintiff must name which defendants violated his Eighth Amendment rights and allege facts demonstrating how the named defendants violated his Eighth Amendment rights. This claim is void of both requirements. For these reasons, none of Plaintiff's claim can pass screening. Plaintiff will be provided an opportunity to amend.

### III. CONCLUSION

Because it is possible that the deficiencies identified in this order may be cured by amending the complaint, plaintiff is entitled to leave to amend prior to dismissal of the entire action. See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc). Plaintiff is informed that, as a general rule, an amended complaint supersedes the original complaint. See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992). Thus, following dismissal with leave to amend, all claims alleged in the original complaint which are not alleged in the amended complaint are waived. See King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987). Therefore, if plaintiff amends the complaint, the court cannot refer to the prior pleading in order to make plaintiff's amended complaint complete. See Local Rule 220. An amended complaint must be complete in itself without reference to any prior pleading. See id.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). The complaint must allege in specific terms how each named defendant is involved, and must set forth some affirmative link or connection between each defendant's actions and the claimed deprivation. See May v. Enomoto, 633 F.2d

164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Finally, plaintiff is warned that failure to file an amended complaint within the time provided in this order may be grounds for dismissal of this action. See Ferdik, 963 F.2d at 1260-61; see also Local Rule 110. Plaintiff is also warned that a complaint which fails to comply with Rule 8 may, in the court's discretion, be dismissed with prejudice pursuant to Rule 41(b). See Nevijel v. North Coast Life Ins. Co., 651 F.2d 671, 673 (9th Cir. 1981).

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's complaint (ECF No. 1) is dismissed with leave to amend; and

2. Plaintiff shall file a first amended complaint within 30 days of the date of service of this order.

Dated: January 22, 2020

DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE