**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| WILLIAM ROUSER, | No.  2:19-CV-1233-TLN-DMC-P |
| Plaintiff, | |
| v. | ORDER |
| JULIA GAMBOA, et al., | |
| Defendants. | |

Plaintiff, a prisoner proceeding pro se, brings this civil rights action under 42 U.S.C. § 1983.  Pending before the Court is Plaintiff's second amended complaint, ECF No. 21.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  See 28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief.  See 28 U.S.C. § 1915A(b)(1), (2).  Moreover, the Federal Rules of Civil Procedure require that complaints contain a ". . . short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  This means that claims must be stated simply, concisely, and directly.  See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)).  These rules are satisfied if the complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon which it

1

1  rests.  See <u>Kimes v. Stone</u>, 84 F.3d 1121, 1129 (9th Cir. 1996).  Because Plaintiff must allege

2  with at least some degree of particularity overt acts by specific defendants which support the

3  claims, vague and conclusory allegations fail to satisfy this standard.  Additionally, it is

4  impossible for the Court to conduct the screening required by law when the allegations are vague

5  and conclusory.

6

7  ### I.  PLAINTIFF'S ALLEGATIONS

8  Plaintiff names the following as defendants: (1) Gamboa; (2) Kennerly; (3) Smith;

9  (4) Marquez; (5) Spangler; (6) Gonzalez; (7) Roth; (8) Weyer; (9) Valencia; (10) Brown; (11)

10  Lelewer; and (12) Montoya.  See ECF No. 21.

11  In his Claim I, Plaintiff alleges Defendants Gamboa, Kennerly, Smith, Marquez,

12  and Spangler were aware of Plaintiff's suicidal ideation and yet did nothing.  See <u>id.</u> at 1-2.

13  In Claim II, Plaintiff asserts that Defendants Gonzalez, Roth, and Weyer removed

14  him from the mental health program in retaliation for having filed an inmate grievance.  See <u>id.</u> at

15  2-3.

16  In Claim III, Plaintiff alleges that Defendants Weyer and Valencia violated his due

17  process rights by not providing impartial review of an inmate grievance.  See <u>id.</u> at 3.

18  In Claim IV, Plaintiff asserts that Defendants Brown, Lelewer, and Montoya were

19  also aware of Plaintiff's suicidal ideation and did nothing.  See <u>id.</u> at 3-4.

20

21  ### II.  DISCUSSION

22  The Court finds that Plaintiff has stated sufficient facts to proceed against those

23  Defendants named in Claims I and IV for deliberate indifference relating to Plaintiff's suicidal

24  ideation.  Plaintiff has also stated sufficient facts in Claim II to proceed on a retaliation claim

25  against Defendants Gonzalez, Roth, and Weyer.  As discussed below, however, Plaintiff has not

26  alleged a cognizable claim against Defendants Weyer or Valencia relating to the prison grievance

27  process.

28  / / /

1    Prisoners have no stand-alone due process rights related to the administrative

2    grievance process.  See Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988); see also Ramirez v.

3    Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (holding that there is no liberty interest entitling

4    inmates to a specific grievance process).  Because there is no right to any particular grievance

5    process, it is impossible for due process to have been violated by ignoring or failing to properly

6    process grievances.   Numerous district courts in this circuit have reached the same conclusion.

7    See Smith v. Calderon, 1999 WL 1051947 (N.D. Cal 1999) (finding that failure to properly

8    process grievances did not violate any constitutional right); Cage v. Cambra, 1996 WL 506863

9    (N.D. Cal. 1996) (concluding that prison officials' failure to properly process and address

10   grievances does not support constitutional claim); James v. U.S. Marshal's Service, 1995 WL

11   29580 (N.D. Cal. 1995) (dismissing complaint without leave to amend because failure to process

12   a grievance did not implicate a protected liberty interest); Murray v. Marshall, 1994 WL 245967

13   (N.D. Cal. 1994) (concluding that prisoner's claim that grievance process failed to function

14   properly failed to state a claim under § 1983).  Prisoners do, however, retain a First Amendment

15   right to petition the government through the prison grievance process.  See Bradley v. Hall, 64

16   F.3d 1276, 1279 (9th Cir. 1995).  Therefore, interference with the grievance process may, in

17   certain circumstances, implicate the First Amendment.

18          Here, Plaintiff has not alleged that Defendants Weyer or Valencia interfered with

19   the grievance process so as to deny him access to the courts.  Rather, Plaintiff alleges that,

20   because Weyer was both the subject of the grievance and the hearing officer at the first level of

21   review, he was denied an impartial hearing.  Such a claim is not cognizable.  Plaintiff will

22   nonetheless be provided an opportunity to amend to the extent he can allege facts which show

23   that Defendants' conduct interfered with his access to the courts.

24   / / /

25   / / /

26   / / /

27   / / /

28   / / /

### III. CONCLUSION

Because it is possible that the deficiencies identified in this order may be cured by amending the complaint, Plaintiff is entitled to leave to amend.  See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc).  Plaintiff is informed that, as a general rule, an amended complaint supersedes the original complaint.  See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992).  Therefore, if Plaintiff amends the complaint, the Court cannot refer to the prior pleading in order to make Plaintiff's amended complaint complete.  See Local Rule 220.  An amended complaint must be complete in itself without reference to any prior pleading.  See id.

If Plaintiff chooses to amend the complaint, Plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of Plaintiff's constitutional rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  The complaint must allege in specific terms how each named defendant is involved, and must set forth some affirmative link or connection between each defendant's actions and the claimed deprivation.  See May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Because the complaint appears to otherwise state cognizable claims, if no amended complaint is filed within the time allowed therefor, the Court will issue findings and recommendations that the claims identified herein as defective be dismissed, as well as such further orders as are necessary for service of process as to the cognizable claims.

Accordingly, IT IS HEREBY ORDERED that Plaintiff may file a third amended complaint within 30 days of the date of service of this order.

Dated:  August 4, 2021

DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE

4