**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| WILLIAM ROUSER,<br><br>    Plaintiff,<br><br>   v.<br><br>JULIA GAMBOA, et al.,<br><br>    Defendants. | No.  2:19-CV-1233-TLN-DMC-P<br><br><br>ORDER |

Plaintiff, a prisoner proceeding pro se, brings this civil rights action under 42 U.S.C. § 1983.  Pending before the Court is Plaintiff's motion for the appointment of counsel, ECF No. 27.

The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases.  See Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989).  In certain exceptional circumstances, the court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1).  See Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).  A finding of "exceptional circumstances" requires an evaluation of both the likelihood of success on the merits and the ability of the plaintiff to articulate his claims on his own in light of the complexity of the legal issues involved.  See Terrell, 935 F.2d at 1017.  Neither factor is dispositive and both must be viewed together before reaching a decision.  See id.  In Terrell, the

Ninth Circuit concluded the district court did not abuse its discretion with respect to appointment of counsel because:

> . . . Terrell demonstrated sufficient writing ability and legal knowledge to articulate his claim. The facts he alleged and the issues he raised were not of substantial complexity. The compelling evidence against Terrell made it extremely unlikely that he would succeed on the merits.

Id. at 1017.

In the present case, the Court does not at this time find the required exceptional circumstances. Plaintiff argues the appointment of counsel is warranted because: (1) he has limited law library access; (2) and he is experiencing retaliation by prison law library officials. See ECF No. 27. The Court does not find these circumstances to be exceptional. A review of the docket reflects that Plaintiff has been able to articulate his claims and, as discussed in the Court's August 4, 2021, order, Plaintiff has stated cognizable claims. As to success on the merits, while Plaintiff has successfully stated cognizable claims, the Court cannot say at this early stage of the litigation prior to any defendants appearing and before any discovery has been conducted, that Plaintiff has demonstrated he is likely to succeed on his cognizable claims.

Accordingly, IT IS HEREBY ORDERED that Plaintiff's request for the appointment of counsel, ECF No. 27, is denied.

Dated: September 13, 2021

DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE