1

2

3

4

5

6

7

8                              UNITED STATES DISTRICT COURT

9                        FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   WILLIAM ROUSER,                              No. 2:19-cv-01233-DJC-DMC

12                  Plaintiff,

13   v.                                           <u>ORDER</u>

14   JULIA GAMBOA, et al.,

15                  Defendants.

16

17          Plaintiff, a prisoner proceeding pro se, brings this civil rights action under 42

18   U.S.C. § 1983.   The matter was referred to a United States Magistrate Judge pursuant

19   to Eastern District of California local rules.

20          On February 5, 2025, the Magistrate Judge filed Findings and

21   Recommendations herein which were served on the parties, and which contained

22   notice that the parties may file objections within the time specified therein.  (ECF No.

23   95.)  Timely Objections to the Findings and Recommendations have been filed.  (ECF

24   No. 96.)

25          In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule

26   304(f), this Court has conducted a de novo review of this case.  On review, the Court

27   finds that the Findings and Recommendations are supported by the record and the

28   proper analysis.  As such, the Court adopts in full the Findings and Recommendations.

1    Where the record permits, summary judgment is "the appropriate device" for

2    resolving whether administrative remedies have been exhausted under the PLRA is

3    summary judgment. *Albino v. Baca*, 747 F.3d 1162, 1168 (9th Cir. 2014). Here, there

4    is no dispute of material fact; only the legal significance of those facts is in dispute.

5    Thus, the record permits the Court to determine on summary judgment whether

6    Plaintiff's claims have been exhausted for purposes of the PLRA.

7    As to the exhaustion of Plaintiff's First and Fourth Causes of Action for

8    deliberate indifference, Plaintiff's claims have not been exhausted. Healthcare

9    grievance SAC HC 18001330 did raise allegations regarding Plaintiff's suicidal

10   ideation and potential deliberate indifference to that suicidal ideation. (*See* ECF 92-1

11   at 82.) But that grievance was filed on May 23, 2018. The issues raised therein have

12   no clear connection to the 2017 events at issue in Plaintiff's Fourth Cause of Action.

13   (*See* SAC at 3–4.) While it seems that the issues raised in this grievance are relevant

14   background to the claims raised in Plaintiff's First Cause of Action, the actual events at

15   issue in that claim took place on June 5, 2018. (*See id.* at 1–2.) Thus, it is impossible

16   for SAC HC 18001330 (which, as noted, was filed in May of 2018) to have exhausted

17   the claims in Plaintiff's First Cause of Action, as the grievance preceded the events that

18   form the basis of that claim. Plaintiff did raise the June 5, 2018, events at issue in his

19   First Cause of Action in his appeal of the Institutional Level Response to SAC HC

20   18001330. (ECF No. 92-1 at 81.) However, as a new issue, this needed to be raised in

21   a new grievance to be properly exhausted. *See Hill v. Ayala*, No. 2:19-cv-0184-TLN-

22   DB, 2021 WL 3403793, at *5 (E.D. Cal. Aug. 4, 2021) (collecting cases). As such, this

23   also does not suffice to satisfy the exhaustion requirement as to the First and Fourth

24   Causes of Action.

25   Regarding Plaintiff's Second Cause of Action for retaliation, this claim is also not

26   exhausted. In their Motion, Defendants argued that SAC HC 18001330, which

27   mentions retaliation, could not have exhausted that claim because the grievance did

28   not name Defendants Roth or Gonzalez. (ECF No. 92-3 at 8.) However, the PLRA does

1  not require a defendant to be named in a grievance for a claim to be properly

2  exhausted.  *Jones v. Bock*, 549 U.S. 199, 217 (2007) (noting that "nothing in the [PLRA]

3  imposes a 'name all defendants' requirement" but adding that proper exhaustion

4  requires compliance with the grievance policy).  Nevertheless, exhaustion under the

5  PLRA does still require a plaintiff to comply with California's healthcare grievance

6  procedure.  That procedure requires that "[t]he patient . . . document clearly and

7  coherently all information known and available to them regarding the issue."  15 Cal.

8  Code Regs. § 3999.227(g).  The regulations also require the inclusion of information

9  regarding all involved staff members, but provide that "[i]f the patient does not have

10 information to identify involved staff member(s), the patient shall provide any other

11 available information that may assist in processing the health care grievance."  *Id.*

12 § 3999.227(g)(1)–(2).  Moreover, even if a grievance does not comply with the specific

13 requirements of the healthcare grievance procedure, they are sufficient to "alert the

14 prison to the nature of the wrong for which redress is sought and provide sufficient

15 information to allow prison officials to take appropriate responsive measures."  *Reyes*

16 *v. Smith*, 810 F.3d 654, 658–59 (9th Cir. 2016).

17      While it is not necessary that Plaintiff specifically name the Defendants,

18 Plaintiff's grievances were not sufficient to satisfy California's healthcare grievance

19 procedure or otherwise put the institution on notice about the wrong Plaintiff was

20 raising so that prison officials could take appropriate responsive measures.

21 Healthcare grievance SAC HC 18001330 does mention retaliation, but the discussion

22 is limited, saying only that he suffered retaliation for "contacting coleman lawyers and

23 telling the courts I was being denied mental health treatment . . . ."  (ECF No. 92-1 at

24 80.)  The remainder of Plaintiff's grievance focuses on the alleged actions of

25 Defendant Marquez's conduct and treatment of Plaintiff and allegations that

26 Defendant Marquez was deliberately indifferent.  (*Id.* at 80, 82.)  The singular

27 allegation that Plaintiff was suffering retaliation, without any further detail or

28 information that could alert prison officials to the nature of Plaintiff's claims, is

1  insufficient to exhaust Plaintiff's Second Cause of Action.  Particularly so where that
2  allegation is contained within a grievance focused on allegations concerning actions
3  of a different Defendant.  As such, Defendant has met their burden to show that
4  Plaintiff failed to administratively exhaust his Second Cause of Action.

5       The Court notes that there are two additional Defendants who have never
6  appeared in this action: Tracy Weyer and Dr. Montoya.  Montoya is named in Plaintiff's
7  First and Fourth Causes of Action.  Weyer is named in Plaintiff's Second Cause of
8  Action.  Given Plaintiff's failure to administratively exhaust his claims bars Plaintiff from
9  proceeding on those claims for all defendants, and Plaintiff has had a "full and fair
10 opportunity to brief and present evidence" on this issue, summary judgment is
11 appropriate for both appearing and non-appearing Defendants.  *See Columbia Steel*
12 *Fabricators, Inc. v. Ahlstrom Recovery*, 44 F.3d 800, 803 (9th Cir. 1995); *see also*
13 *Gallardo v. Bourne*, No. 20-cv-09184-JSW, 2023 WL 3569997, at *12–13 (N.D. Cal. May
14 19, 2023).  Thus, the Court grants summary judgment for non-appearing Defendants
15 Weyer and Montoya on the same basis.

16       Accordingly, IT IS HEREBY ORDERED that:

17       1.  The Findings and Recommendations are ADOPTED IN FULL;

18       2.  Defendants' Motion for Summary Judgment (ECF No. 92) is GRANTED;

19       3.  This action is dismissed for failure to exhaust administrative remedies
20           prior to filing suit; and

21       4.  The Clerk of the Court is directed to enter judgment and close this file.

22
23       IT IS SO ORDERED.

24  Dated:   **September 16, 2025**
25                                              Hon. Daniel J. Calabretta
                                                UNITED STATES DISTRICT JUDGE
26

27  DJC1 – rouser19cv01233.jo(new)

28

4